IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

  v.                                                    No. 16-CV-00616-RB-KBM
                                                      No. 13-CR-00173-RB

MAYRA DENISE AGUIRRE,

    Defendant.

## ORDER TO SHOW CAUSE

This matter is before the Court, *sua sponte* under rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, on Defendant Mayra Denise Aguirre's Motion Pursuant to 28 U.S.C. § 2255 in Light of the Retroactive Effect of *Johnson v. United States*, 576 U.S. , 135 S. Ct. 2551, (2016), & Its Progeny, *Gonzalez-Longoria v. U.S.*, No. 15-40041, S.Ct. (2016), filed on June 20, 2016.   [CV Doc. 1; CR Doc. 55]   In her motion, Defendant seeks sentencing relief in light of the United States Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which invalidated the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii).   Because it does not appear that Defendant was in custody under the conviction and sentence under attack at the time her § 2255 motion was filed, the Court will require Defendant to show cause why this action should not be dismissed for lack of subject matter jurisdiction.

Pursuant to a plea agreement, Defendant pleaded guilty to the Information charging her with possession with intent to distribute 50 grams and more of methamphetamine, in violation of

21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 18 U.S.C. § 2.  [CR Docs. 23, 26, 27]  The Court accepted Defendant's guilty plea and sentenced Defendant to 413 days of imprisonment in the custody of the Bureau of Prisons or time served, whichever is less, and two years of supervised release.  [CR Docs. 27, 32, 33]  The Court rendered judgment on Defendant's conviction and sentence on December 5, 2013.  [CR Doc. 33]

On January 2, 2015, a warrant was issued for Defendant's arrest based on a violation of the terms of Defendant's supervised release.  [CR Docs. 37, 38]  Defendant admitted guilt on the violation and was sentenced to a total term of 142 days of imprisonment in the custody of the Bureau of Prisons or time served, whichever is less, to run concurrent with the sentence imposed in *United States v. Aguirre-Serrano*, 15-CR-00877-RB.   [CR Doc. 53]   A term of supervised release was not imposed and the Court recommended the immediate commencement of removal proceedings by Immigration and Customs Enforcement.  [CR Doc. 53]  Judgment was rendered on the revocation of Defendant's supervised release on June 1, 2015, followed by an Amended Judgment on June 11, 2015.  [CR Docs. 52, 53]

On June 20, 2016, Defendant, proceeding *pro se*, filed the present § 2255 motion, which seeks sentencing relief in "Docket No: 2:13CR00173-001RB" pursuant to the United States Supreme Court's ruling in *Johnson*, 135 S. Ct. 2551 (2015).  [CV Doc. 1; CR Doc. 55]  "A collateral challenge under 28 U.S.C. § 2255, like a habeas corpus proceeding, is available only to attack (1) a federal sentence under which the defendant is in custody at the time of initiating the petition . . . or (2) a federal sentence that has been ordered to run consecutively to a another sentence under which the defendant is in custody at the time of filing the challenge."  *United States v. Bustillos*, 31 F.3d 931, 933 (10th Cir. 1994) (internal citations omitted).  The "in

2

custody" requirement is jurisdictional and the petitioner seeking relief under § 2255 "has the burden of persuading the court by a preponderance of the evidence that the court has jurisdiction." *Id.* "[J]urisdictional questions are of primary consideration and can be raised at any time by courts on their own motion." *United States v. Siviglia*, 686 F.2d 832, 835 (10th Cir. 1981).

It appears from the record that Defendant completed serving her sentence in the present case on October 31, 2015, which was 142 days after the entry of the amended judgment on the revocation of her supervised release. Defendant's § 2255 motion was not filed, however, until approximately seven months later—on June 20, 2016. [CV Doc. 1; CR Doc. 55] Although Defendant was in the custody of the Bureau of Prisons at the time her § 2255 motion was filed, it appears that she was in custody on a separate conviction and sentence in *United States v. Aguirre-Serrano*, 15-CR-00877-RB, Doc. 18 (D.N.M. June 1, 2015) (imposing a term of 24 months of imprisonment in the custody of the Bureau of Prisons for reentry of a removed alien in violation of 8 U.S.C. § 1326(a) and (b), which shall "concurrent with the sentence imposed in District of New Mexico Case N. 2:13CR00173-001RB"). The Court recognizes that the 142-day term of imprisonment on the revocation of Defendant's supervised release in this case was imposed concurrent to the term of imprisonment in 15-CR-00877-RB, but the United States Court of Appeals for the Tenth Circuit has held that a petitioner challenging an expired concurrent sentence is not "in custody" on the expired sentence for the purpose of the federal habeas statutes. *See Mays v. Dinwiddie*, 580 F.3d 1136, 1140-42 (10th Cir. 2009).

In light of the foregoing, the Court will require Defendant to show cause, within thirty (30) days of the date of this Order, why this case should not be dismissed for lack of subject matter jurisdiction because Defendant was not in custody on the conviction and sentence under attack at

the time her § 2255 motion was filed.   Failure to respond to this Order, or otherwise show cause, may result in the dismissal of this action without further notice.

IT IS THEREFORE ORDERED that Defendant show cause, within thirty (30) days of the date of this Order, why this action should not be dismissed for lack of subject matter jurisdiction.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE